```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

HARVEY BAILEY,

            Petitioner,         **No. 1:12-CV-0005(MAT)**

  -vs-                         **DECISION AND ORDER**

R.W. MOSCICKI, D.O.C.,
Auburn Corr. Facility,

            Respondent.

## I.  Introduction

Proceeding <u>pro</u> <u>se</u>, Harvey Bailey ("Bailey" or "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his detention in Respondent's custody. Petitioner's incarceration arises from a judgment entered on March 6, 2009, in New York County Court, Chemung County, convicting him, after a jury trial, of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16(1)).

## II. Factual Background and Procedural History

On June 30, 2008, fifty-nine-year-old Liboria Cammarata ("Cammarata"), an "off and on" user of crack cocaine since 1989, became frustrated with her addiction and went for a walk around the City of Elmira. As of that time, she had been purchasing crack cocaine regularly from Petitioner for about a year. While out on her walk, she encountered Elmira Police Officers William Solt and Matthew Saunders, and demanded to know what they were doing about

the local drug problem. They asked her if she would be willing to make a controlled drug purchase from Petitioner, and she agreed.

Cammarata called Petitioner and ordered "a yard" (i.e., $100-worth) of crack cocaine from him. The police stopped Petitioner as he was en route on his bicycle to deliver the drugs to Cammarata's house in Elmira. Within hours, the police obtained a search warrant for Petitioner's home. On a bathroom shelf, they found a baggie containing a white chunky substance. They found another baggie, containing a white chunk, concealed in a mop in the kitchen. They found a digital scale and a mechanical scale in a cabinet, and a white rock in a glass test tube. Under a mattress, they found $836 in cash. Underneath the bottom drawer of a dresser, they found $6,809 in cash, wrapped in aluminum foil and divided into bundles of $100. Finally, they recovered $232.61 in loose coins, and seven cell phones.

On January 21, 2009, the jury returned a verdict convicting Petitioner as charged in the indictment. On March 6, 2009, the trial court adjudicated Petitioner a second felony offender, and sentenced him to a determinate prison term of seven years, to be followed by three years of post-release supervision.

In July 2009, Bailey filed a pro se motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10, arguing that the police and the prosecutor violated his Fourth Amendment rights; that the prosecutor knowingly presented

false evidence to the jury; and that trial counsel rendered ineffective assistance. On January 8, 2010, the trial court denied the motion, finding that the Fourth Amendment claims concerned matters that were reflected in the record. Thus, they could be rejected under C.P.L. § 440.10(2)(b) because Petitioner's direct appeal was pending. The trial court reiterated its finding that the stop and detention of Petitioner as well as the issuance of the search warrant were based upon specific and articulable facts and were in all respects reasonable and in compliance with constitutional guarantees. With regard to Petitioner's claim of ineffective assistance, the trial court found that the record was "replete with evidence of active and even aggressive representation" by Petitioner's attorney. Lastly, the trial court denied as "conclusory" the claim that the prosecutor falsified evidence and made misrepresentations.

Represented by counsel, Petitioner pursued a direct appeal of his conviction, arguing that his sentence was excessive and that the trial court erred in denying trial counsel's motion to be relieved from representing him. Petitioner filed a pro se supplemental brief, in which he argued that his trial counsel was ineffective for not arguing that the confidential informant's testimony did not provide probable cause, that the police lacked probable cause to detain and strip-search Petitioner, that trial counsel erred in failing to challenge the warrants, and that

Petitioner personally did not possess any drugs. The Appellate Division, Third Department, of New York State Supreme Court, unanimously affirmed the conviction. People v. Bailey, 80 A.D.3d 999 (3d Dept. 2011). Of most relevance to Petitioner's habeas claims is the Appellate Division's holding regarding his probable cause arguments:

> The [Confidential Informant], whose identity was known to the police, told them that [Petitioner] had previously sold crack cocaine to her upwards of 25 times, explained that he delivered drugs to her on his bicycle, described the apartment [Petitioner] lived in, described where [Petitioner] retrieved drugs from within the apartment and identified him from a photograph. The CI then called [Petitioner] with the police present and left a message expressing her desire to buy crack cocaine. When the CI subsequently contacted the police to tell them she had spoken to [Petitioner] and he was on his way to deliver cocaine, the police observed [Petitioner] leave his home on his bicycle and head in the direction of the CI's apartment.
> Inasmuch as the information provided by the CI was within her personal knowledge and against her penal interest, and was corroborated by the personal observations of the police, it was sufficiently reliable to create probable cause to believe that [Petitioner] was engaging in or had engaged in illegal activity and that contraband would be found within his apartment. Indeed, the evidence before the court was more than ample to support the court's finding that the search warrant was based on probable cause.

Harvey, 80 A.D.3d at 1000-01 (citations omitted). The New York Court of Appeals denied leave to appeal. People v. Bailey, 18 N.Y.3d 856 (2011).

This timely petition for a writ of habeas corpus followed, in which Bailey asserts that (1) the police lacked probable cause to

-4-

summarily arrest him; (2) no exigent circumstance supported his warrantless arrest; (3) the police lacked a "suspicion" that Petitioner possessed drugs; and (4) the police illegally arrested Petitioner without first obtaining a warrant. Respondent answered the petition, interposing the defenses of non-exhaustion and procedural default. Respondent also argues that all of Petitioner's arguments are precluded pursuant to Stone v. Powell, 428 U.S. 465 (1976).

**III. Discussion**

As discussed further below, the Court agrees with Respondent that all of Bailey's grounds for relief are barred from review under the doctrine of Stone v. Powell, supra. Accordingly, it is unnecessary for the Court to address Respondent's alternative arguments concerning non-exhaustion and procedural default.

"As a general rule, Fourth Amendment claims are not reviewable by the federal courts when raised in a petition brought under § 2254 unless the state prisoner shows that he or she has not had a full and fair opportunity to litigate that claim in the state court." Graham v. Costello, 299 F.3d 129, 133-34 (2d Cir. 2002) (emphasis supplied) (citing Stone v. Powell, 428 U.S. at 481-82; Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992)). The Stone v. Powell doctrine applies to all Fourth Amendment claims, as well as claims of illegal stops, arrests, searches, or seizures based on less than probable cause; and it applies regardless of the nature

of the evidence sought to be suppressed. Cardwell v. Taylor, 461 U.S. 571, 572-73 (1983) (per curiam).

In the wake of Stone v. Powell, the Second Circuit devised a "litmus test to discern when a state prisoner has been denied an opportunity for full and fair litigation of his fourth amendment claims" due to the state providing no corrective procedure at all to redress the alleged fourth amendment violations; or due to an "unconscionable breakdown" in the underlying corrective process. Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978).

Bailey cannot and does not contend that New York failed to provide a corrective procedure to redress his fourth amendment claims. Capellan, 975 F.2d at 70 n.1 (noting that "federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as facially adequate") (quotation and citation omitted). In fact, Bailey invoked the state's corrective processes when he made a pro se suppression motion, and the trial court rendered a comprehensive, lengthy decision denying that motion, which was affirmed on appeal in a similarly lengthy opinion. Even if Bailey were correct in his allegation that the state courts erroneously decided his Fourth Amendment issue, "a petitioner cannot gain federal review of a fourth amendment claim simply because the federal court may have reached a different result." Capellan, 975 F.2d at 71. As the Second Circuit has explained, "a

mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." Id. at 72 (declining to infer that an unconscionable breakdown occurred because the Appellate Division issued a summary affirmance rather than a written opinion on petitioner's Fourth Amendment claims).

In sum, there clearly was a corrective procedure of which Bailey took advantage in seeking relief on his Fourth Amendment claims. Just as clearly, there was no unconscionable breakdown in that procedure, and habeas review of Bailey's Fourth Amendment claims is foreclosed under Stone v. Powell.

**IV. Conclusion**

For the reasons stated above, Harvey Bailey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Bailey has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:    November 6, 2012
          Rochester, New York.